Decided 10 July, 1899.

**STATE *v.* MARSHALL.**

[57 Pac. 902.]

1. DISCRETION AS TO ORDER OF TESTIMONY.—As the order of proof is in the discretion of the court, there is no error in excluding admissible testimony, if it is subsequently admitted on the witness being recalled.

2. INSANITY—COMPETENCY OF EVIDENCE.—Evidence of acts of violence by deceased toward defendant who killed him is not competent to show the insanity of defendant.

3. EVIDENCE OF THREATS.*—Where a homicide is defended on the ground that it was committed in defense of defendant's brother, evidence of threats of deceased against defendant himself is inadmissible.

From Baker :    ROBERT EAKIN, Judge.

Oliver and William Marshall were convicted of manslaughter, and appeal.    AFFIRMED.

For appellants there was a brief over the names of *Martin L. Olmstead* and *O. L. Miller*, with an oral argument by *Mr. Olmstead.*

For the state there was a brief over the names of *Samuel White*, District Attorney, and *Bartlett Shipp*, with an oral argument by *Mr. White.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

The defendants were indicted for the crime of murder in the first degree, for the killing of one James Reid, of Baker County, Oregon, on the twenty-first day of April, 1898, and convicted of manslaughter. They were tried jointly, and the evidence tended to show that they were brothers ; that Oliver Marshall, while engaged in an altercation with Reid, attempted to strike him with a

---

*NOTE.—The numerous authorities as to the evidence in a criminal case of threats of the accused or of the person injured or killed are collected in a note to *Wilson* v. *State*, (Fla.), 17 L. R. A. 654.—REPORTER.

slungshot, and, after several efforts, succeeded in hitting him with it; that Reid thereupon grappled with Oliver, threw him to the ground, held him down, and, while so holding him, the defendant William Marshall struck Reid over the head two or three times with a club, who died, from the effects of the injuries thereby received, two days later. There was a general plea of not guilty, and at the trial it was sought first to justify the conduct of Oliver Marshall by showing that he acted in self-defense, and then to excuse him upon the ground of insanity, and it was sought to justify the assault of William Marshall upon the deceased on the ground of an attempt to prevent the commission of a felony upon the person of his brother. No objections were interposed to the instructions of the court, and the only exceptions saved are to the introduction of evidence.

1. During the course of the trial, while the wife of Oliver was upon the stand, the defendants sought to show that deceased had made certain threats against Oliver, which had been communicated to him. The offer of this testimony was first rejected, but she, being recalled, was afterwards permitted to testify fully touching the alleged threats. The order of proof being regulated by the sound discretion of the trial court, there was no error in not permitting the witness to testify touching such threats in the first instance.

2. The defendants also sought to show specific acts of violence on the part of the deceased towards Oliver, with a view to establishing his insanity, and consequent irresponsibility for his act in striking deceased. The offer of evidence for that purpose was excluded, and error is predicated thereon. The defense was allowed to go fully into the question of Oliver's insanity at the time of the altercation, by calling competent witnesses, who testified that they were acquainted with his mental

condition, and believed it to be unsound. This was proper, but it was not regular to permit the defendant to show specific acts of the deceased towards him, for the purpose of establishing his insanity, and there was no error in the action of the court touching the assignment.

3. The defendant William Marshall was permitted to, and did, testify fully regarding the reasons why he assaulted the deceased, and based his acts upon the ground that he was attempting to prevent the commission of a felony by the deceased upon his brother; and while he was on the stand he was asked to state what reasons, other than such as he had given touching the fears he entertained for his brother's welfare, had caused him to strike the deceased, and whether he had any fears for any one else, to which he replied, "He had threatened to kill me before." On motion of counsel for the state, the answer was stricken out by the court, and its action in that regard is assigned as error. This testimony would have been pertinent if this defendant had been acting in defense of his own person, but was not relevant to the inquiry whether he was attempting to prevent the commission of a felony upon the person of his brother. There was no error, therefore, in taking the evidence from the jury.

There are other errors assigned in the record touching the admissibility of evidence, but what we have said, in effect, disposes of all of them, and no good purpose can, therefore, be subserved by noticing them in detail. The judgment of the court below will be affirmed, and it is so ordered.                                   AFFIRMED.